### ALDERMAN *vs.* POTTER.

Where it is necessary to put in a further answer to exceptions for insufficiency, if the defendant discovers that parts of the bill to which the exceptions are not taken are not fully answered, he may, in his further answer to the exceptions, answer those parts of the bill which are not covered by the exceptions or by his former answer.

It seems also that the defendant in his further answer to exceptions for insufficiency may set up any new matter of defence which has arisen since the filing of his original answer.

THIS case came before the chancellor upon an exception to the master's report allowing an exception to the defendant's further answer for impertinence. The bill was filed by a judgment creditor whose execution had been returned unsatisfied, for a discovery of the defendant's property, equitable interests, and things in action, which the complainant alleged exceeded $100 beyond all just claims thereon, and for a satisfaction of the judgment out of the same. And the bill contained a special interrogatory calling upon the defendant for a discovery of the incumbrances, if any, upon his property, how the same accrued, by whom held, the amount and origin thereof, whether the

same had been paid or otherwise secured, and how much was actually due thereon. The defendant put in an answer stating an incumbrance to N. Doane upon part of his real estate, consisting of an interest in a grist mill and appurtenances; but without fully answering the special interrogatory as to that incumbrance, and without saying whether there were any other incumbrances. The complainant took several exceptions to the answer for insufficiency; the first of which was that the defendant had not answered the special interrogatory *in this respect*, that he had not stated whether the incumbrance to Doane upon the grist mill or part of it had been paid or otherwise secured; and had not stated how much was due on that incumbrance. The defendant in his further answer, in addition to the further discovery called for by this particular exception, stated that in addition to the incumbrance to Doane mentioned in his original answer, his estate at the time of filing the bill, and at the time of putting in such further answer, was subject to the lien and incumbrance of several judgments; the nature and particulars of which incumbrances were set forth, as required by the special interrogatory. And the master decided that this part of the further answer was impertinent.

*I. W. Thompson,* for the complainant.

*Martin Lee,* for the defendant.

THE CHANCELLOR. The only ground upon which the master could have supposed this part of the answer impertinent must have been that the defendant could not insert any matter of defence, or even of discovery, in his further answer, except such as was actully called for by the exceptions, although it was strictly responsive to the bill. Even upon that ground the matter was not impertinent; as it was, in connection with other facts alleged in the answer and further answer, responsive to that part of the bill which stated that the defendant had property to the amount of $100 and more *over and above all prior just claims thereon,*

1837.

Alderman
v.
Potter.

1837.

Alderman
v.
Potter.

a further answer to which allegation was called for by the ninth exception. As the defendant had stated what his property was, it was proper to set out all the incumbrances thereon, in connection with the general denial in answer to that exception, that its value exceeded $100 exclusive of these just claims and liens thereon. And although the part of the answer complained of does not profess to be an answer to the ninth exception, but to the first, it cannot be impertinent if it was proper under either of the exceptions.

I think, however, the master was wrong in the principle upon which he proceeded. And that when a further answer is called for by exceptions, if the defendant finds he has neglected to answer any thing that he was called upon by the bill to discover, he may, in answering the exceptions, make his answer perfect; although the exceptions do not cover the whole ground upon which the original answer might have been objected to for insufficiency. I am also inclined to think he may in such further answer set up any new matter of defence, although not responsive to the bill, which has arisen since the filing of the original answer. The exception to the report is therefore allowed with costs; and the exception to the further answer must be overruled with costs.